IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rishard Lewis Geter, #311627,  )<br>                                                    )<br>                          Plaintiff,   )<br>                                                    )<br>v.                                                 )<br>                                                    )<br>Larry Powers, Warden;                 )<br>Captain Teresa Speller;               )<br>and Officer Taharra,                      )<br>                                                    )<br>                          Defendants. )<br>_____) | Civil Action No. 8:07-3849-HFF-BHH<br><br>**<u>REPORT AND RECOMMENDATION</u>**<br>**<u>OF MAGISTRATE JUDGE</u>** |

The plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment. (Dkt. # 18.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on November 30, 2007, seeking damages for alleged civil rights violations. On April 29, 2008, the defendants filed a motion for summary judgment. On April 30, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the

possible consequences if he failed to adequately respond to the motion.  On May 12, 2008, the plaintiff filed a response opposing the motion.

## **FACTS PRESENTED**

The plaintiff, a federal prisoner, was a pre-trail detainee housed at the Spartanburg County Detention Center ("SCDC") when he filed this action. The plaintiff alleges an excessive force claim against the defendants.

In his complaint, the plaintiff alleges that on November 7, 2007, at approximately 7:15 p.m., he asked the defendant Officer Taharra for a broom so he could clean his cell. (Compl. at 3.)   He alleges the Officer Taharra offered him a broom which had only a few bristles.  (*Id.*)  He requested that he be allowed to use another broom, a fairly new one with a broken handle, but Officer Taharra refused his request.  (*Id.*)   The plaintiff alleges he asked to speak with a supervisor and Officer Taharra ordered him back to his cell.  (*Id.*) He alleges he asked for an explanation for being ordered back to his cell and was threatened with pepper spray.  (*Id.*)   He then alleges that he complied with the order and began walking to his cell.   (Compl. at 3.)

The plaintiff alleges that as he was walking to his cell, Officer Taharra grabbed him from behind and pushed him into his cell.  (*Id.*)  He alleges Officer Taharra then "hosed " him down with pepper spray.  (*Id.*)  He alleges Officer Taharra kicked him in the abdomen causing him to stumble backwards and lose his balance and that "[t]hrough partial vision, [he] attempted to obtain [his] balance by grabbing hold of [his] cell door."  (Compl. at 4.)

2

He alleges Officer Taharra was standing outside of the cell at this time and began using the cell door as a weapon, "due to the fact that he purposely, with malice, repeatedly threw his body against the door several or more times, while [the plaintiff's] left hand was lodged between the door." (*Id.*)  He alleges Officer Taharra was aware that his hand was lodged in the door and Taharra also sprayed more pepper spray into his cell before the door was secured.  (*Id.*)  The plaintiff's pinky finger on his left hand was badly injured and it had to be amputated at the hospital.  (*Id.*)

The defendants recitation of facts differs from the plaintiff's.  (Defs.' Mem. Supp. Summ. J. Mot. at 6-7 & Ex. A. - Andrew Taharra and Brian Blalock Affs.)  They agree that the plaintiff requested a different broom, but they contend when his request was refused, the plaintiff began to use profanity and yell and therefore he was ordered to return to his cell.  (*Id.* Taharra Aff. ¶ 5; Blalock Aff. ¶ 5.)  The defendants state that the plaintiff continued using profanity and took an aggressive stance.  (*Id.*)  They attest that after the plaintiff was ordered to return to his cell, he turned around and acted as though he was going to comply with the officer's order, but then refused to move.  (*Id.*)  Officer Taharra states that he told the plaintiff that he was going to escort him back to his cell and that any resistance would be a sign of aggression on his part. (Defs.' Mem. Supp. Summ. J. Mot. Ex. A. -Taharra Aff. ¶ 5.)  Officer Taharra states that upon reaching the cell, the plaintiff tensed up and pulled away from him.  (*Id.*)  He avers that the plaintiff then grabbed the cell door with his right hand and attempted to punch him with his left.  (*Id.*)  Officer Taharra

3

states that he deflected the plaintiff's punch with his right hand and pushed the plaintiff on his left shoulder, causing him to stumble. (*Id.*) He states that the plaintiff's right hand was still holding the cell door, which caused the door to slam on the plaintiff's left hand. (*Id.*) He states that the plaintiff then rushed at him in an aggressive manner and he sprayed him with two one second bursts of pepper spray causing him to move back a couple of steps. (Defs.' Mem. Supp. Summ. J. Mot. Ex. A. -Taharra Aff. ¶ 5.) Officer Taharra states that the pepper spray did not stop the plaintiff, so he tried to shut the cell door, but the plaintiff began to push it open from the inside. (*Id.*) Officer Taharra states that he then succeeded in securing the cell door. (*Id.*) He further attests that during the entire incident, the plaintiff made profane and derogatory comments and refused to follow his orders to stay in his cell. (*Id.*) He states that after shutting the cell door, he contacted his supervisor to report that he had used his pepper spray. (*Id.*) Further, he avers that he had no knowledge of an injury to the plaintiff's finger until the plaintiff was released from his cell after the altercation. (Defs.' Mem. Supp. Summ. J. Mot. Ex. A. - Taharra Aff. ¶ 5.)

The plaintiff alleges defendant Powers is also liable for failing to directly respond to the plaintiff's grievance regarding this incident and terminate Officer Taharra and for condoning Taharra's application of excessive force. (Compl. at 5.) He further alleges the defendant Captain Teresa Speller, who is head of security at SCDC, failed to intervene and prevent Officer Taharra's use of excessive force and also condoned Officer's Taharra's use of excessive force through her response to the plaintiff's grievance. (*Id.*)

The plaintiff also alleges claims for defamation of character, "enducing physical trauma," and "enducing psychological trauma." He is seeking $2.5 million in damages. (Compl. 7.)

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The defendants filed a motion for summary judgment on the ground that the plaintiff has failed to state a claim and they are entitled to qualified immunity.

**Excessive Force Claim**

The plaintiff alleges the defendant Officer Taharra used excessive force against him causing him a severe injury. The defendants contend they are entitled to summary judgment on this claim. The undersigned disagrees as to the claims alleged against the defendant Officer Taharra.

To establish an Eighth Amendment claim for cruel and unusual punishment, a plaintiff must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of

mind." *Wilson*, 501 U.S. at 298. The subjective component requires the inmate to show that the officers applied force not "in a good faith effort to maintain or restore discipline," but rather applied force "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

The plaintiff was a pretrial detainee when the incidents alleged in the complaint occurred. The applicable legal standard for cases claiming use of excessive force during pretrial detention is found in *Riley v. Dorton,* 115 F.3d 1159 (4th Cir. 1997) . In *Riley*, the Fourth Circuit held that "excessive force claims of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment." 115 F.3d at 1166. Under the Due Process Clause, the plaintiff must show that the defendants "inflicted unnecessary and wanton pain and suffering." *Whitley v. Albers*, 475 U.S. 312, 320 (1986).

In determining whether the force used in this case was unnecessary and excessive, the fact finder must consider such factors as (1) "the need for the application of force," (2) "the relationship between the need and the amount of force that was used," (3) "the extent of injury inflicted," and (4) "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21. In addition, the plaintiff must show that the injuries resulting from the force applied were more than de minimis. *See Riley,* 115 F.3d at 1167 (holding that a pretrial detainee need not sustain a "severe or permanent injury" in order to have an actionable excessive force claim, but injury must be more than de minimis ).

As a threshold matter, the undersigned notes that it is undisputed that the plaintiff's finger was injured in the incident and had to be amputated.  Clearly, the plaintiff's injury rises above the "de minimis" level required to state an excessive force claim.  *Hudson*, 503 U.S. at 9.   The issue then is whether the force used in this case was unnecessary and excessive.

In considering whether the defendant Taharra is entitled to summary judgment, the undersigned cannot accept as true the defendant's version of the facts (that the plaintiff was not being complaint and was attempting to attack Officer Taharra), but rather must accept as true the plaintiff's version (he was being compliant and he grabbed the cell door while attempting to regain his balance after having been maced and kicked in the stomach and Officer Taharra threw his body into the cell door attempting to close it while the plaintiff's hand was lodged in it).[1]   While the defendant Taharra states he did not mean to hurt the plaintiff and states he was not even aware until later that the plaintiff's finger had been badly injured,[2] in determining whether to grant summary judgment, the court must

---

[1] The undersigned notes that the plaintiff has also submitted his own "affidavit" and several statements purportedly from inmates who witnessed the incident.  (Compl. Attach. 2; Pl.'s Mem. Opp. Defs.' Mot. For Summ. J. Ex. B.)  However, these statements were not notarized nor signed "under penalty of perjury," and therefore, are not proper affidavits.  In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991). The plaintiff has filed a verified complaint. Therefore, the undersigned has relied upon the plaintiff's verified complaint rather than these affidavits.

[2] *See Estelle*, 429 U.S. at 105 (finding that accidents lack the necessary culpable state of mind necessary for the punishment to be considered cruel "[a]n accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain.")

accept as true the plaintiff's allegations that the defendant maced and kicked him while he was being compliant and the defendant was aware that the plaintiff's hand was lodged in the door when he threw his body into the door to close it. While accidents alone can not sustain an excessive force claim, the plaintiff alleges that the defendant Taharra's actions were intentional, If done intentionally, and proven so at trial, the defendant Taharra's actions, as alleged by the plaintiff, could rise to the level of "wanton infliction of pain" that was used "maliciously." *Whitley,* 475 U.S. at 313.

In sum, there is a genuine issue of material fact, and a credibility determination is for the finder of fact, not this court, to decide. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). Accordingly, the defendants' motion for summary judgment as it pertains to the defendant Taharra should be denied.

As to the defendants Powers and Speller, the plaintiff has made no showing that these two defendants participated in the application of any excessive force. Therefore, the court should grant defendants Powers and Speller summary judgment on the excessive force claim.

Furthermore, the other claims which the plaintiff alleges against these defendants should also be dismissed. The plaintiff alleges the defendant Powers is also liable for failing to directly respond to the plaintiff's grievance regarding this incident and terminate

Officer Taharra and for condoning Officer Taharra's application of excessive force. (Compl. at 5.) He further alleges the defendant Captain Teresa Speller, who is head of security at SCDC, failed to intervene and prevent Officer Taharra's use of excessive force and also condoned Officer's Taharra's use of excessive force through her response to the plaintiff's grievance. (*Id.*) As discussed below, these allegations do not state a claim under § 1983.

Even if these defendants failed to adequately respond to the plaintiff's grievances, the plaintiff has not stated a constitutional claim. There is no constitutional right to a grievance procedure, *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138 (1977), and even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1944) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure").

To the extent that the plaintiff alleges a failure to protect claim against these defendants, the plaintiff has failed to state a claim. In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court defined deliberate indifference, holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. The test

is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregarded that risk. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. While the objective information known to the official may be used to infer the knowledge he actually had, and to draw inferences about his actual state of mind, those inferences are not conclusive. Further, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence. *Whitley v. Albers,* 475 U.S. 312, 319 (1986). There is no evidence that the defendants Powers and Speller knew of a substantial risk of serious harm to the plaintiff and disregarded it.

As for the plaintiff's allegations regarding these defendants failing to terminate Officer Taharra or condoning his excessive force, this claim is without merit. Supervisory officials may be held liable for the actions of their subordinates only if the plaintiff can show: (1) that the supervisor had actual or constructive knowledge that subordinates were engaged in conduct that posed "a pervasive and high risk" of constitutional injury; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between the supervisor's inaction and the actual constitutional injury suffered by the plaintiff. *Randall v. Prince George's County, Md.*, 302 F.3d 188, 206 (4th Cir. 2002) (*quoting Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir.1994)). The plaintiff has

not alleged any facts which suggest that Powers or Spellers was aware of Taharra's alleged misconduct prior to the alleged violation. As the plaintiff cannot demonstrate that Powers or Spellers had actual or constructive knowledge of any violations of the plaintiff's constitutional rights before the alleged incident or that they instituted a policy likely to result in the constitutional harm alleged, the undersigned recommends that the defendants Powers and Speller's motion for summary judgment on this claim be granted. *See Davis v. Lester,* 156 F.Supp.2d 588, 597 (W.D.Va.2001) (finding that supervisory officials cannot be held liable for subordinates' conduct when they did not have specific notice of any risk of harm to that particular inmate prior to the alleged violation and they had not effectuated or condoned any policy likely to result in the harm alleged).

Finally, to the extent that the plaintiff alleges a due process claim, the defendants should be granted summary judgment on such a claim. The plaintiff alleges in his response to the defendants' summary judgment motion that a videotape of the incident "may" have been purposefully erased violating his due process rights. (Pl.'s Mem. Opp. Summ. J. at 3.) This allegation is pure speculation. There is no evidence that the tape was purposefully erased. Therefore, the defendants should be granted summary judgment on the plaintiff's due process claim. *White v. Boyle,* 538 F.2d 1077, 1079 (4th Cir.1976)(conclusory allegations are insufficient to withstand a properly supported motion for summary judgment). Accordingly, the defendants Speller and Powers should be granted summary judgment and dismissed as defendants.

**Qualified Immunity**

The defendants also raise the defense of qualified immunity. Qualified immunity requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir.1992). A defendant bears the burden of proof of establishing qualified immunity as an affirmative defense. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

If the material facts were undisputed, the undersigned would apply clearly established law to determine whether the defendants should be granted qualified immunity.[3] However, there is a genuine issue of material fact as to whether defendant Taharra's conduct violated the protections of the Fourteenth Amendment. Because there is a genuine issue of material fact which needs to be decided by a fact finder, summary judgment is not appropriate, and the defendant Taharra is not entitled to the affirmative defense of qualified immunity as a matter of law. As to the defendants Powers and Spellers, because there is no evidence that any specific right of the plaintiff was violated by these defendants, it is unnecessary for this Court to address the qualified immunity

---

[3] A detainee's right not to be punished by the use of excessive force is firmly established. *United States v. Cobb,* 905 F.2d 784 (4th Cir. 1990). Thus, it cannot be argued that there is a "legitimate question" as to whether the defendant's use of excessive force constitutes a constitutional violation. If plaintiff's version of the facts are true, a reasonable person in Officer Taharra's position would have known that his actions violated the plaintiff's right to be free from excessive force.

13

defense as to these defendants. *See Porterfield v. Lott*, 156 F.3d 563, 567(4th Cir.1998) (when the court determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist.")

**State Law Claims**

To the extent that the plaintiff states additional claims under state law, (i.e defamation of character, "enducing physical trauma," and "enducing psychological trauma"), the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion to for Summary Judgment be DENIED IN PART and GRANTED IN PART and that only Defendants Powers and Spellers be dismissed with prejudice.

**IT IS SO RECOMMENDED.**

s/Bruce Howe Hendricks
United States Magistrate Judge

October 14, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).