

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| RISHARD LEWIS GETER, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:07-3849-HFF-BHH |
| | § | |
| LARRY POWERS, TERESA SPELLER, | § | |
| OFFICER TAHARRA, | § | |
| Defendants. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' Motion for Summary Judgment be denied in part and granted in part and that claims against Defendants Powers and Speller be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 14, 2008, and the Clerk of Court entered Plaintiff's objections to the Report on October 27, 2008.

In his objections to the Magistrate Judge's report, Plaintiff challenges the Magistrate Judge's failure to consider the statements of other inmates that Plaintiff provided to support his contention that all three Defendants were involved in the alleged wrong against him. (Pl.'s Objections 1.) As noted in the Magistrate Judge's Report, these statements were not proper affidavits under Rule 56(e) because the statements were not sworn under oath or made under penalty of perjury. *See* 28 U.S.C. § 1746 (2008) (noting that unsworn declarations can satisfy affidavit requirement only if signed under penalty of perjury); *see also Williams v. Sielaff*, 914 F.2d 250, 250 (4th Cir. 1990) (noting that statement made under penalty of perjury and declared to be true and correct to the best of declarant's knowledge qualifies as affidavit); *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300 (5th Cir. 1988) ("[A]n unsworn affidavit is incompetent to raise a fact issue precluding summary judgment. A statutory exception to this rule exists under 28 U.S.C. § 1746, which permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made 'under penalty of perjury' and verified as 'true and correct.'"). Plaintiff fails to cite any authority to the contrary. Thus, the Court agrees with the Magistrate Judge that it is improper to consider those statements as evidence in support of Plaintiff's motion for summary judgment because they are not affidavits under Federal Rule of Civil Procedure 56(e).

Furthermore, even if the Court were to treat Plaintiff's supporting statements as affidavits, summary judgment as to Defendants Powers and Speller would still be appropriate. As a starting point, none of the statements even mention Defendants Powers or Speller by name. Although one of the statements refers to Plaintiff Geter's request for a "supervisor," none of the statements

2

establish the elements necessary to plead a constitutional violation actionable under § 1983. *See Wilson v. Seiter*, 501 U.S. 294, 297-98 (setting forth elements of claim for violation of Eighth Amendment's prohibition on cruel and unusual punishment); *Farmer v. Brennan*, 511 U.S. 825, 828-29 (noting that "deliberate indifference" is required to state Eighth Amendment violation against prison officials).

In his objections, Plaintiff further notes that "there was a standing restraining order against [him] and Officer Taharra stemming from a dispute in April of 2006, and both Larry Powers and Captain Teresa Spellers . . . where [sic] well aware of." (Pl.'s Objections 2.) Although Plaintiff raises this specific issue for the first time in his objections, the Court will address it as part of its de novo review. *See United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) ("We believe that as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate.") Plaintiff's statement is unsupported by any specific evidence. It is well established that "bare contentions" or "mere conclusory allegations" are insufficient to survive a motion for summary judgment. *See e.g., White v. Boyle*, 538 F.3d 1077, 1079 (4th Cir. 1976) (stating rules and affirming grant of summary judgment). Thus, the Court finds that Plaintiff's assertion regarding the restraining order does not preclude granting summary judgment as to Defendants Powers and Speller.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report to the extent is it is not inconsistent with this Order and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's Motion for Summary Judgment be **DENIED IN**

**PART** and **GRANTED IN PART** and that claims against Defendants Powers and Speller be **DISMISSED** *with prejudice*. Thus, the claims against Defendant Taharra will go forward.

**IT IS SO ORDERED**.

Signed this 16th day of December, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.